NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LARRY D. PITTS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7109

---

Appeal from the United States Court of Appeals for Veterans Claims in case No. 09-0280, Judge Lawrence B. Hagel.

---

Decided: January 27, 2012

---

LARRY D. PITTS, of Tuscaloosa, Alabama, pro se.

NICHOLAS K. JABBOUR, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. For respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director,

and DEBORAH A. BYNUM, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and LARA K. EILHARDT, Attorney, United States Department of Veterans Affairs, Of Washington, DC.

_____

Before NEWMAN, BRYSON and REYNA, *Circuit Judges.*

PER CURIAM.

Mr. Larry D. Pitts ("Pitts") appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") in *Pitts v. Shinseki*, No. 09-0280, 2010 U.S. App. Vet. Claims LEXIS 1507, *1 (Aug. 19, 2010), which held that the Board of Veterans' Appeals ("the Board") committed no clear and unmistakable error ("CUE") in denying a compensable rating for postoperative residuals of an epigastric hernia, to include a separate compensable disability evaluation for a scar. For lack of jurisdiction, we *dismiss*.

## BACKGROUND

Pitts served in the Army beginning in 1977, including active duty for training from January to May 1984. *Id.* at *2. Service medical records reflect that Pitts was seen in March 1984 for swelling above the belly-button and was diagnosed as having an epigastric hernia. The epigastric hernia was subsequently repaired by surgery in April 1984.

In May 1984, a month after his successful surgery, the Department of Veterans Affairs ("VA") granted Pitts service connection and a noncompensable disability rating for postoperative residuals of an epigastric hernia under 38 C.F.R. § 4.114, Diagnostic Code ("DC") 7339 (hernia,

ventral, postoperative).  Pitts challenged this determina-
tion seeking entitlement to a compensable rating.  That
challenge remained pending until February of 1990.

In January of 1987, Pitts was hospitalized at a VA fa-
cility for various complaints, including occasional ab-
dominal pain.  Examination at that time revealed an "old
scar with keloid formation over epigastric area," but there
was no rigidity, tenderness, or palpable mass.  *Pitts*, 2010
U.S. App. Vet. Claims LEXIS 1507 at *3.  In June of the
same year, Pitts was treated on an outpatient basis for
abdominal pain.  Pitts complained of sharp non-radiating
pain so he was issued a Velcro abdominal support belt
and prescribed muscle relaxant.  *Id.*

In early 1988, an examination revealed no evidence of
herniation at the site of the surgical scar, but there was
an identifiable "hole" just above the belly-button.  *Id.* at
*4.  The physician diagnosed this as an incarcerated
umbilical hernia and recorded it on the medical record.
The examiner found no evidence, however, of any ventral
hernia at the site of the surgical scar.  In March 1988,
Pitt's surgical scar was reportedly "flat and well-healed."
*Id.*

In September 1988, as part of his ongoing challenge
seeking a compensable rating for postoperative residuals
of his epigastric hernia, Pitts was examined by the VA.
Pitts told the VA examiner about a small bulge along the
surgical incision that "comes and goes."  *Id.*  He stated
that he had another bulge above the umbilicus which also
came and went.  The VA examination revealed a well-
healed surgical incision with no signs of ventral hernia.
*Id.* at *4-5.  The examiner also noted a small abdominal
defect, about the size of a finger tip, situated between the
incision and the umbilicus.  The examiner commented

that this defect in the abdominal wall had most likely been present since birth. *Id.* at *5.

On February 17, 1990, the Board denied Pitts's May 1984 request for a compensable rating for postoperative residuals of an epigastric hernia under DC 7339, finding that the surgical scar caused no disability. The Board concluded that the evidence showed that Pitts's epigastric hernia had resulted in a well-healed scar, and that "[n]o related disability had been shown for the postoperative epigastric hernia." *Id.* In reviewing the medical evidence, including the 1988 reports, the Board also found that the small abdominal defect was "anatomically and diagnostically distinct from the service-connected epigastric hernia." *Id.* Accordingly, the requirements under DC 7339 for a compensable rating were deemed unmet. *Id.* at *6.

In 2007, seventeen years after the denial of a compensable rating, Pitts filed a motion challenging the Board's February 1990 decision on the basis of CUE. *Id.* at *7. Pitts asserted that the Board erred in failing to assign a separate compensable rating for his abdominal hernia under 38 C.F.R. § 4.118 (DC 7804 (scar(s), unstable or painful)), despite evidence that his scars were tender and painful. In December 2008, the Board found that no CUE had been committed in Board's decision of February 1990 and rejected Pitt's assertion that he was entitled to a separate disability rating under DC 7804. The Board specifically found that the while Pitts had complained of abdominal tenderness around the surgical incision area in 1987, *see Pitts*, 2010 U.S. App. Vet. Claims LEXIS 1507 at *3, the scar itself was not shown to be painful, eliminating the possibility of a rating under DC 7804. On the contrary, the Board noted that upon examination in January of 1987, the scar had no rigidity, tenderness, or palpable mass. The Board stated that "[i]t

is within the Board's purview to review the evidence and determine the most appropriate evaluation of a specific disability, to include the [diagnostic code] under which that disability is evaluated." *Id.* at *8. The Board concluded that, in 1990, "the overall evidence before it showed that [Pitts's] epigastric hernia was principally manifested by a well-healed abdominal scar." *Id.* The Board held that Pitts did not show CUE, but merely disagreed with the Board's weighing of the evidence. *Id.*

Pitts appealed to the Veterans Court. Pitts again asserted that the February 1990 decision of the Board failed to consider evidence showing that his postoperative epigastric scar was tender and should have been rated under DC 7804. Pitts also argued before the Veterans Court that the 1990 decision of the Board contained CUE because it found that his small abdominal defect (the diagnosed umbilical hernia) was distinct from his service-connected epigastric hernia. Lastly, Pitts argued that the Velcro abdominal support belt prescribed for his use was a basis for finding CUE because the Board had failed to consider it in its 1990 decision.

The Veterans Court affirmed the Board's December 2008 determination that there was no CUE in the February 1990 decision. The Veterans Court found that the Board's 2008 opinion was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *Id.* at *1. It likewise found the 1990 Board decision supported by an adequate statement of "reasons or bases." *Id.* at *12.

Regarding Pitts's argument that the Board failed to consider evidence of scar tenderness under DC 7804, the Veterans Court held that the Board properly considered the totality of the evidence in making its determination.

*Id.* at \*15.  The Veterans Court concluded that, "Mr. Pitts is simply objecting to the way the Board in 1990 weighed the evidence before it, which cannot constitute clear and unmistakable error."  *Id.*

Addressing Pitts's claim that it was CUE to find his small abdominal defect separate and distinct from the service-connected epigastric hernia, the Veterans Court held that the Board had properly reviewed the totality of the evidence, including the 1988 VA examination report opining that the umbilical hernia was most likely present since birth.  *Id.* at \*16.  Given this evidence, the Veterans Court again concluded that Pitts was merely disagreeing with the way the Board weighed the facts in 1990.  *Id.*

Lastly, concerning Pitts's argument that the Velcro abdominal belt was a basis for finding CUE, the Veterans Court found that this theory was not previously raised before the Board.  The Veterans Court rearticulated: "'When an appellant raises a new theory of [CUE] for the first time before the Court, the Court must dismiss for lack of jurisdiction.'"  *Id.* at \*17 (quoting *Acciola v. Peake*, 22 Vet. App. 320, 325 (2008)).  Because it had not been argued to the Board, the Veterans Court held that it lacked jurisdiction to adjudicate this new theory.  *Id.* at \*18.  The Veterans Court noted, however, that Pitts was free to pursue his novel CUE allegation before the Board in the first instance.  The Veterans Court, therefore, affirmed the Board in finding no CUE among the claims properly presented.  *Id.*  Pitts timely appealed to this court.

## DISCUSSION

Our jurisdiction to review the decisions of the Veterans Court is narrowly circumscribed by statute.  *Yates v.*

*West,* 213 F.3d 1372, 1373-74 (Fed. Cir. 2000). We may review the decisions of the Veterans Court "on a rule of law or of any statute or regulation," or "any interpretation thereof" relied upon by the Veterans Court in rendering its decision. 38 U.S.C. § 7292(a). We can set aside a regulation or an interpretation of a regulation relied upon by the Veterans Court when we find it to be arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law. *See id.* at § 7292(d)(1). However, except for an appeal that "presents a constitutional issue," this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* at § 7292(d)(2).

Pursuant to statute, an otherwise final board decision "is subject to revision on the grounds of clear and unmistakable error." 38 U.S.C. § 7111(A). A claim of CUE is considered "a collateral attack on a final [VA regional office] or Board decision." *Disabled Am. Veterans v. Gober,* 234 F.3d 682, 698 (Fed. Cir. 2000); *Bustos v. West,* 179 F.3d 1378, 1380 (Fed. Cir. 1999). Under 38 C.F.R. § 20.1403, a rule entitled "What constitutes clear and unmistakable error; what does not," CUE is defined:

> (a) General. Clear and unmistakable error is a very specific and rare kind of error. It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Generally, either the correct

facts, as they were known at the time, were not before the Board, or the statutory and regulatory provisions extant at the time were incorrectly applied.

The regulation further describes the stringent standard required for finding CUE:

Errors that constitute clear and unmistakable error. To warrant revision of a Board decision on the grounds of clear and unmistakable error, there must have been an error in the Board's adjudication of the appeal which, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be clear and unmistakable.

38 C.F.R. § 20.1403(c). Errors that cannot constitute CUE, pursuant to § 20.1403(d) include (1) a changed diagnosis, where a "new medical diagnosis 'corrects' an earlier diagnosis considered in a Board decision," (2) the VA's failure to "fulfill the duty to assist," and (3) a "disagreement as to how the facts were weighed or evaluated."

Thus, simply asking the Veterans Court to reweigh the evidence is not a valid CUE claim. *Damrel v. Brown*, 6 Vet. App. 242, 246 (1994); *see also Russell v. Principi*, 3 Vet. App. 310, 313-14 (1992) (en banc). Rather, as this court noted, "the clear and unmistakable error provision applies when the facts compel[] the conclusion, to which reasonable minds could not differ . . . ." *Yates,* 213 F.3d at 1375 (internal quotation marks omitted). Additionally, a valid CUE claim requires showing that the alleged error,

had it not been made, "'would have manifestly changed the outcome at the time it was made.'" *Bustos*, 179 F.3d at 1380 (quoting *Russell*, 3 Vet. App. at 313); *see also Cook v. Principi*, 318 F.3d 1334, 1343 (Fed. Cir. 2002) (en banc); *Fugo v. Brown*, 6 Vet. App. 40, 44 (1993) ("Even where the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be, ipso facto, clear and unmistakable error.").

Pitts argues on appeal that: (1) the conclusion that the small abdominal defect was most likely present since birth was CUE; (2) the decision to not grant a compensable rating for an epigastric hernia and for a tender and painful scar was CUE; (3) the CUE claim involving the abdominal belt was encompassed in his earlier challenge and remains a pending unadjudicated claim; and (4) the absence of certain service records from his file until October 1990 was CUE.

With respect to the first two issues above, Pitts presents arguments disagreeing with how the evidence was weighed. Courts will not find CUE on this basis. 38 C.F.R. § 20.1403(d) ("disagreement as to how the facts were weighed or evaluated" cannot constitute CUE). The Veterans Court decision on appeal simply applied established law that a valid CUE claim must be "undebatable," and not premised on a mere disagreement as to how the facts were weighed. *Russell*, 3 Vet. App. at 313. While Pitts may be dissatisfied with how the Board weighed the evidence in 1990, such a disagreement is insufficient to establish CUE. *Id.* (requiring that the CUE be such that "reasonable minds could only conclude that the original decision was fatally flawed at the time it was made"); *see also Yates,* 213 F.3d at 1375.

More fundamentally, Pitts's assertions regarding the misweighing of evidence are inherently fact-based and this court does not have jurisdiction to review such matters on appeal. *See, e.g.*, *Andino v. Nicholson*, 498 F.3d 1370, 1373 (Fed. Cir. 2007) (noting that this court should not be "making credibility determinations or weighing evidence—all of which is beyond our jurisdiction"); *Yates,* 213 F.3d at 1375. Pitts does not make legal arguments to challenge the validity or interpretation of a statute or regulation on which the Veterans Court relied, and Pitts does not present constitutional issues. Fairly read, these arguments deal with nothing more than the nature and extent of Pitts's condition, raising purely factual issues. This court does not have jurisdiction to review facts where no constitutional questions are posed. 38 U.S.C. § 7292(d)(2); *see also Conway v. Principi*, 353 F.3d 1369, 1372-73 (Fed. Cir. 2004); *Lennox v. Principi*, 353 F.3d 941, 946 (Fed. Cir. 2003); *Cook v. Principi*, 353 F.3d 937, 940 (Fed. Cir. 2003).

Pitts's third assertion on appeal, that prior submissions and record evidence created a CUE claim involving the Velcro abdominal belt, is also factual. *Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004) (holding that the issue of whether prior filings and documents raised claims is a factual inquiry); *Cook*, 353 F.3d at 941 (same). Moreover, if the "appellant raises a new theory of CUE for the first time before the [Veterans] Court, the Court must dismiss for lack of jurisdiction." *Acciola,* 22 Vet. App. at 325. Pitts argued to the Veterans Court for the first time that it was CUE for the February 1990 decision to deny an increased disability rating under DC 7339 in light of his use of an abdominal support belt and muscle weakness. *Pitts*, 2010 U.S. App. Vet. Claims LEXIS 1507 at *17. The Veterans Court refused to address this argument, however, finding that none of Pitts's

communications with the VA had ever asserted this specific CUE theory before. Pitts now argues that because the Velcro abdominal belt was in the record in 1990, it is inherently subsumed within his other CUE claims that were properly raised.

Pitts's CUE claims must be "set forth clearly and specifically" to be part of the collateral attack on the Board's decision initiated in 2007. 38 C.F.R. § 20.1404(b); *see Disabled Am. Veterans*, 234 F.3d at 699 (finding specificity requirement reasonable). Pursuant to this specificity requirement, "each 'specific' assertion of CUE constitutes a claim that must be the subject of a decision by the [Board] before the Veterans Court can exercise jurisdiction over it." *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002). The Veterans Court was correct that the Board's December 2008 decision has absolutely no discussion whatsoever of Pitts's abdominal belt theory in the CUE context. Given even a sympathetic reading, asserting that the abdominal belt is grounds for CUE is an argument newly-minted for the Veterans Court, which properly dismissed Pitts's claim.[1] Even if the Veterans Court had accepted Pitts's abdominal belt assertions as properly raised, Pitts would still be required to show that this CUE was outcome determinative, *see Cook,* 318 F.3d

---

[1]  Pitts's related argument raised for the first time on appeal before this court, that his CUE claim regarding the Velcro abdominal belt remains a pending "unadjudicated claim," is likewise not well-taken. It also raises an issue outside of the specific CUE claims passed on below. We will not consider this argument in the first instance here. *See Singleton v. Wulff,* 428 U.S. 106, 120 (1976) (federal appellate courts do not consider arguments not properly raised and passed on below). The Veterans Court noted that Pitts remains free to present his new CUE allegations to the Board, however. *Pitts,* 2010 U.S. App. Vet. Claims LEXIS 1507 at *18.

at 1343-44, an issue that is beyond our jurisdiction to review, *Andre*, 301 F.3d at 1362 n.4; *Bustos*, 179 F.3d at 1380-81.

Pitts's final argument also relies on unsubstantiated factual assertions. Pitts claims that it was CUE that certain service official records were not associated with the claim file until October of 1990, and invokes 38 C.F.R. § 3.156. Pitts does not explain how this regulation pertains to the issues, nor does he even identify which service records he is referring to in his Informal Opening Brief.[2] To the degree that Pitts is arguing that the Board did not consider all available evidence in its February 1990 decision, he is challenging a factual finding made by the Veterans Court. The Veterans Court expressly found that "the Board in February 1990 considered the totality of the evidence in making its decision." *Pitts*, 2010 U.S. App. Vet. Claims LEXIS 1507 at *15. As Pitts's argument again fails to identify any legal error and disputes only factual determinations, it is not within our jurisdiction to review. *See* 38 U.S.C. § 7292(d)(2).

---

[2] Appellant's Informal Reply Brief at 11, in response to the Government's criticism that Pitts had not identified the document in question, suggests that it is a 1977 medical examination allegedly showing that he did not have the small abdominal defect from birth. This missing document was discussed in the Veterans Court decision, where it was explained that: "This document does not appear in the record of the proceedings. The Secretary stated in his brief that Mr. Pitts did not adequately identify this document in his briefs and that, after a thorough review of the record before the agency, the Secretary was unable to locate this document." *Pitts*, 2010 U.S. App. Vet. Claims LEXIS 1507 at *15 n.7. As this document does not appear in the record before us, it cannot be considered.

Thus, this court is without jurisdiction to consider any issue on appeal because they are either factually based or not properly before this court.

CONCLUSION

Because all Pitts's arguments are beyond the scope of this court's jurisdiction, we dismiss.

**DISMISSED**

COSTS

No costs.