NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY G. HUNT,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2012-7039

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 09-4707, Judge Lawrence B. Hagel.

---

Decided: July 16, 2013

---

ANTHONY G. HUNT, of Adrian, Michigan, pro se.

DANIEL B. VOLK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy

Assistant General Counsel, and CHRISTA A. SHRIBER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before NEWMAN, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Anthony G. Hunt appeals *pro se* from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming a decision by the Board of Veterans' Appeals ("Board") denying him relief for injuries alleged to have occurred during his time in service. *Hunt v. Shinsheki*, No. 09-4707 (Vet. App. July 29, 2009). We *dismiss* for lack of jurisdiction Mr. Hunt's claim for a finding of clear and unmistakable error ("CUE") in a September 1983 rating decision because Mr. Hunt's arguments relate to the weighing of evidence and do not challenge the Veterans Court's decision regarding the validity or interpretation of a statute or regulation. We *affirm* the denial of vocational rehabilitation benefits because Mr. Hunt does not qualify for the requested relief under 38 U.S.C. § 3102.

BACKGROUND

Mr. Hunt served in the United States Air Force from December 1973 to February 1975. At the time of separation, his medical examination did not reveal signs of disease or psychiatric conditions. After leaving the Air Force, Mr. Hunt filed a series of claims for benefits.

In September 1983, a Department of Veterans Administration ("VA") regional office denied Mr. Hunt's claim for a nervous condition he argues led to an overdose of medication in 1979 ("first claim"). The decision, which attributed Mr. Hunt's condition to misconduct that included substance abuse, was not appealed and became final.

In June 1988, Mr. Hunt filed for non-service-connection pension benefits due to emotional instability and paranoia ("second claim"). The regional office denied the second claim and Mr. Hunt did not appeal.

In December 1992, Mr. Hunt requested that the VA reopen his second claim, stating that in the years following discharge he experienced a nervous breakdown, depression, psychotic symptoms, a history of drug abuse, and alcohol dependence. After undergoing a VA medical examination in January 1993, the examiner determined that he suffered from major depression with psychotic features, as well as an adjustment disorder. The medical examiner found that the social and vocational condition was 70% disabling. The regional office awarded pension benefits commensurate with the non-service-connected condition.

In March 1994, Mr. Hunt submitted a service-connection claim for a neurological disorder, severe depression, migraines, blurred vision, memory problems, dizziness, heart problems, breathing problems, and unexplainable rage ("third claim"). The regional office denied relief for the third claim, and specifically advised that the claim for depression was bound up with the first claim filed in 1983. The VA sent Mr. Hunt a letter advising that his claim for depression was finally denied in 1983 and it would not be reconsidered without new and material evidence. Mr. Hunt responded with a request that the VA obtain his psychiatric records from Sheppard Air Force Base to establish service-connection. The VA was unable to locate any records from Sheppard Air Force Base, but did obtain Mr. Hunt's post-service medical records from Henry Ford Hospital. The regional office denied the request to reopen the first claim because the additional records were not new and material.

Lastly, Mr. Hunt filed a claim for vocational rehabilitation benefits in January 1995. He asserted that he was

entitled to these additional benefits based on his 70% rating for non-service-connected disabilities. The regional office denied the request for vocational rehabilitation benefits because Mr. Hunt's disability was a non-service-connected psychiatric condition.

### THE APPELLATE LANDSCAPE

Mr. Hunt appealed the regional office's decision not to reopen the first claim and, after over a decade of adjudication and development, the case was remanded to determine whether the September 1983 regional office decision denying service-connected benefits for a psychiatric disorder contained CUE. In October 2008, the decision review officer concluded that the September 1983 regional office decision was properly decided based on the available evidence of record at the time and the law then in effect. Mr. Hunt appealed to the Board.

The Board affirmed all the issues presented on appeal. The Board first affirmed that the 1983 regional office decision was not the product of CUE. Mr. Hunt argued that there was additional evidence that supported his claim for service-connection benefits for a psychiatric disorder and that the VA did not satisfy its duty to assist. The Board acknowledged that the VA had not obtained medical records from Sheppard Air Force Base, but determined that further attempts to obtain such records would be futile because they had either been destroyed, or, in the event that Mr. Hunt never actually received in-service psychiatric treatment, the records did not exist. The Board also agreed that the records the VA obtained from Henry Ford Hospital were not new and material.

The Board next determined as a matter of law that Mr. Hunt was not entitled to vocational rehabilitation benefits because he did not present a service-connected disability.

In a single judge decision, the Veterans Court addressed all of Mr. Hunt's arguments and affirmed the Board's decision. This appeal followed.

## DISCUSSION

In his appeal to this court, Mr. Hunt returns to the same issues on which his case was previously decided by the Board and the Veterans Court. In particular, he argues that the Veterans Court erred in not reversing the decision finding no CUE in the September 1983 decision[1] and he asserts that it is manifestly unjust to deny him vocational rehabilitation benefits.

### The CUE Challenge

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We lack jurisdiction, however, over any "challenge to a factual determination" or "challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue. 38 U.S.C. § 7292(d)(2). We therefore generally lack jurisdiction to review challenges to the Board's factual determinations. *See, e.g., Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991).

---

[1]    Incorporated in Mr. Hunt's arguments relating to CUE are various complaints regarding the VA's duty to obtain evidence, including, in particular, medical records from Sheppard Air Force Base. Both the Board and the Veterans Court addressed these contentions in detail. We do not discern any properly developed challenge to the legal authority relied on by the Veterans Court that would be sufficient to confer jurisdiction on this court over his CUE claim.

The Veterans Court held, *inter alia*, that the Board committed no CUE in denying the request to reopen Mr. Hunt's claim for a psychiatric disorder yet Mr. Hunt asks us to overturn the September 1983 regional office decision. His arguments in support of the requested relief, however, are premised on us reweighing and/or reevaluating the evidence in the record. As the Board pointed out, "the gist of the Veteran's arguments is that service connection was wrongfully decided at that time. It is clear that his attack on the September 1983 rating decision is a disagreement as to how the facts were weighed and evaluated." J.A. 22.

This court has consistently held that a request to reweigh the evidence is not a valid CUE claim. *E.g., Willsey v. Peake*, 535 F.3d 1368, 1373 (Fed. Cir. 2012). Rather, the CUE provision applies when facts compel a conclusion, to which reasonable minds could not differ. 38 C.F.R. § 20.1403; *Yates v. West*, 213 F.3d 1372, 1375 (Fed. Cir. 2000) (internal citations omitted). A valid CUE claim requires showing that the alleged error, had it not been made, "would have manifestly changed the outcome at the time it was made." *Bustos v. West*, 179 F.3d 1378, 1380 (Fed. Cir. 1999) (quoting *Russell v. Principi*, 3 Vet. App. 310, 313 (Vet. App. 1992)); *see also Cook v. Principi*, 318 F.3d 1334, 1343 (Fed. Cir. 2002) (en banc); *Fugo v. Brown*, 6 Vet.App. 40, 44 (1993) ("Even where the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be, ipso facto, clear and unmistakable error.").

While Mr. Hunt may be dissatisfied with how the regional office weighed the evidence in 1983, such a disagreement is insufficient to establish CUE. 38 C.F.R. § 20.1403(d) ("disagreement as to how the facts were weighed or evaluated" cannot constitute CUE). Mr. Hunt does not make legal arguments to challenge the validity or interpretation of a statute or regulation on which the Veterans Court relied, and Mr. Hunt does not present

constitutional issues. Fairly read, the items discussed in the informal brief deal with nothing more than the nature and extent of Mr. Hunt's condition.

This court does not have jurisdiction to review Mr. Hun's fact-based contentions on appeal. *See Andino v. Nicholson*, 498 F.3d 1370, 1373 (Fed. Cir. 2007) (noting that this court should not be "making credibility determinations or weighing evidence—all of which is beyond our jurisdiction"); *Yates*, 213 F.3d at 1375. We therefore *dismiss* the claim to reopen the September 1983 decision of the regional office.

### The Vocational Rehabilitation Challenge

Mr. Hunt argues that the Board and the Veterans Court misapplied 38 U.S.C. § 3102 regarding entitlement to vocational rehabilitation benefits and that the denial of his claim for such benefits is manifestly unfair. We detect no error in the underlying legal analysis. Indeed, the statute straightforwardly requires a service-connected disability in order for Mr. Hunt to receive, or to elect to receive, vocational rehabilitation benefits. The eligibility provision states, in relevant part:

> A person shall be entitled to a rehabilitation program under the terms and conditions of this chapter if the person is a veteran who has *a service-connected* disability rated at 20 percent or more which was incurred or aggravated in service on or after September 16, 1940; or . . . the person is a veteran who has a *service-connected* disability rated at 10 percent which was incurred or aggravated in service on or after September 16, 1940.

38 U.S.C. § 3102(a) (emphases added) (non-pertinent subsections omitted).

In this case the Board found that "the Veteran does not have any service-connected disability" and he therefore did not "meet the basic prerequisite legal criteria for

[vocational rehabilitation] benefits." J.A. 27. To the extent Mr. Hunt now argues that he is eligible for vocational rehabilitation benefits based on his psychiatric condition, we do not revisit issues of fact on appeal. We agree with the Veterans Court's legal conclusion that entitlement to non-service-connected *pension* benefits does not, under the statute, confer service-connected *compensation* benefits. Because Mr. Hunt does not meet the statutory requirements to receive vocational rehabilitation benefits, the corresponding discussion in the Veteran Court's decision is *affirmed*.

## CONCLUSION

The Veterans Court, in a thorough and detailed analysis, considered all of Mr. Hunt's arguments and concluded that Mr. Hunt failed to show any basis for relief. We have again considered Mr. Hunt's grievances on appeal. Because Mr. Hunt's CUE arguments are beyond the scope of this court's jurisdiction, we *dismiss* claims arising out of those arguments. We *affirm* the Veterans Court's decision denying all other relief.

## AFFIRMED-IN-PART AND DISMISSED-IN-PART

### COSTS

Each party shall bear its own costs.