NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**BENNIE L. CLOUD,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2023-1846

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-6276, Judge Scott Laurer.

———————————

Decided: March 24, 2025

———————————

KENNETH M. CARPENTER, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; CHRISTOPHER O. ADELOYE, CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

—————————————

Before HUGHES and STARK, *Circuit Judges*, and SCHROEDER, *District Judge*.[1]

HUGHES, *Circuit Judge*.

Appellant Bennie L. Cloud appeals the final decision of the United States Court of Appeals for Veterans Claims affirming the decision of the Board of Veterans' Appeals to sever service connection for disabilities resulting from a drunk driving accident that occurred while Mr. Cloud was on active military duty. Mr. Cloud argues that the Veterans Court and the Board incorrectly interpreted 38 C.F.R. § 3.105(d), which requires that a grant of service connection be clearly and unmistakably erroneous to be severed. Because the Veterans Court did not err in its interpretation of the applicable regulation, we affirm.

I

Mr. Cloud served honorably in the United States Marine Corps from July 2008 to July 2012. J.A. 19, 46. On March 19, 2011, while on active duty in Louisiana, Mr. Cloud was driving when he crashed into a wall. His blood alcohol level was two and a half times the legal limit at the time of the accident. J.A. 67, 151–54. Mr. Cloud suffered significant injuries as a result of the impact and required emergency surgery to repair his femur. J.A. 20. He received non-judicial punishment for drunken driving and treatment for substance abuse. J.A. 2, 66.

—————————————

[1]    Honorable Robert W. Schroeder, III, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

In an August 2013 rating decision, the VA granted service connection for Mr. Cloud's right hip condition, residuals of a right femur fracture, and residual scars caused by the accident because it deemed them "directly related to military service." J.A. 46–51. It denied, however, Mr. Cloud's claim for service connection for insomnia. J.A. 50–51. After an additional request for service-connected compensation, in April 2016 the VA granted service connection for PTSD caused by the accident and assigned a 50 percent disability rating. J.A. 55–57, 241. Mr. Cloud filed a notice of disagreement, alleging that the effective date of the award of compensation for his PTSD disability should be earlier. J.A. 61–63.

While processing the notice of disagreement, the VA discovered that Mr. Cloud's personnel record did not contain a line of duty determination that considered whether the accident was the result of willful misconduct. J.A. 241–43. In January 2018, the VA issued a line of duty determination finding that "[Mr. Cloud]'s motor vehicle crash was not in the line of duty and was due to his own willful misconduct." J.A. 66. Mr. Cloud was informed of the line of duty determination and was issued a new rating decision proposing to sever service connection for his right hip condition, residuals of a right femur fracture, scars, and PTSD. J.A. 67, 73–79. He was further informed that due to the "clear and unmistakable error" in his original rating decisions, the VA proposed severing his compensation benefits for injuries related to the accident from a monthly compensation rate of $855.41 to $0. J.A. 80–82.

Mr. Cloud submitted a notice of disagreement as well as a new claim, alleging that his alcohol abuse was due to insomnia caused by in-service treatment for tuberculosis. J.A. 92. The VA's last rating decision, dated February 6, 2019, rejected this argument by citing to a VA medical examiner's opinion "that he was unaware of any research linking tuberculosis or its treatment to insomnia." *Id*. Mr. Cloud's service connection for all disabilities

attributable to his motor vehicle accident, including PTSD, was severed effective May 1, 2019. J.A. 84–94.

Mr. Cloud appealed the severance decision to the Board. J.A. 140. The Board issued a decision on September 15, 2021, finding that severance was proper because the grant of service connection for the conditions attributable to the accident was clearly and unmistakably erroneous. J.A. 156 ("If the RO had correctly applied the law by making a finding as to willful misconduct, service connection for these disabilities would not have been granted."). The Board also rejected Mr. Cloud's assertion that he suffered from insomnia at the time of his accident, and that this insomnia mitigated the willfulness of his drunken driving. J.A. 151–62.

Mr. Cloud then appealed to the Veterans Court, which issued a written decision on January 31, 2023, affirming the Board's decision. J.A. 1–11. The Veterans Court's decision became final on February 22, 2023.

Mr. Cloud timely appealed. We have jurisdiction under 38 U.S.C. § 7292.

## II

Our review of Veterans Court decisions is limited. *See Yates v. West*, 213 F.3d 1372, 1373–74 (Fed. Cir. 2000). By statute, our jurisdiction over appeals from the Veterans Court is limited to those appeals that challenge the validity of any statute or regulation, any interpretations thereof, or appeals that raise any constitutional controversies. *Id.* (citing 38 U.S.C. § 7292). We are barred from judicial review of "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

While we cannot review the Veterans Court's application of the law to the facts, "we do have jurisdiction here to determine the proper interpretation of 38 C.F.R.

§ 3.105(d)." *Stallworth v. Shinseki,* 742 F.3d 980, 983 (Fed. Cir. 2014).

## III

Injuries incurred during active service that are the result of a veteran's own willful misconduct are not subject to service connection. 38 U.S.C. § 105(a). The VA considers deliberate intoxication that causes injury to be willful misconduct. *See* 38 C.F.R. § 3.301(c)(2) ("If, in the drinking of a beverage to enjoy its intoxicating effects, intoxication results proximately and immediately in disability [], the disability [] will be considered the result of the person's willful misconduct."); *see also* J.A. 174, 239–240.

The Department of Veterans Affairs is permitted to reverse an earlier finding that a particular disability was connected to military service and to terminate benefits that had been awarded based on that finding. 38 C.F.R. § 3.105(d) provides that "service connection will be severed only where evidence establishes that it is clearly and unmistakably erroneous (the burden of proof being upon the Government)." We consistently refer to this as the CUE standard for severing service connection. *See Prinkey v. Shinseki,* 735 F.3d 1375, 1377 (Fed. Cir. 2013) ("The language of § 3.105(d) is written in the present tense, asking . . . whether the original decision 'is clearly erroneous.' . . . In order for error to be clear and unmistakable, it must be outcome determinative[.]"); *Stallworth,* 742 F.3d at 984 ("[T]he correct legal standard [is that] service connection, once granted, may not be severed unless the grant thereof was clearly and unmistakably erroneous.") (internal quotation marks and citation omitted).

Mr. Cloud challenges the Veterans Court's interpretation of 38 C.F.R. § 3.105(d). He contends that the Veterans Court mistakenly applied the CUE standard in 38 C.F.R. § 3.105(a)(1) and that it is different from the CUE standard

in § 3.105(d). Oral Arg. at 00:30–00:48, 1:05–1:54.[2]
38 C.F.R. § 3.105(a)(1) provides the CUE standard for re-
versing or revising a prior final decision, and states, in rel-
evant part:

> Final decisions will be accepted by VA as correct
> with respect to the evidentiary record and the law
> that existed at the time of the decision, in the ab-
> sence of clear and unmistakable error. . . . Where
> evidence establishes such error, the prior decision
> will be reversed or amended.

38 C.F.R. § 3.105(a)(1).[3]

Mr. Cloud believes that what makes § 3.105(d) and
§ 3.105(a)(1) different is that § 3.105(d) requires "evidence"
establishing CUE while § 3.105(a)(1) does not. Oral Arg.
at 3:30–5:15, 9:00–9:55. In his view, § 3.105(a)(1) only
states that a decision will be accepted absent CUE, and
therefore, does not establish that evidence is necessary to
substantiate a finding of CUE. Mr. Cloud also broadly al-
leges that the VA did not submit evidence of CUE in sup-
port of its final decision to sever, and that perhaps it failed
to do so because it incorrectly relied on § 3.105(a)(1) and
interpreted it as not requiring evidence of CUE.

---

[2]    *Available at* https://oralarguments.cafc.uscourts
.gov/default.aspx?fl=23-1846_12042024.mp3. Mr. Cloud's
counsel failed to make this argument in his briefs, but we
address it in the interest of completeness.

[3]    The prior version of the regulation, in effect at the
time of the VA's final decision to sever, read: "Previous de-
terminations which are final and binding, including deci-
sions of service connection . . . will be accepted as correct in
the absence of clear and unmistakable error. Where evi-
dence establishes such error, the prior decision will be re-
versed or amended." 38 C.F.R. § 3.105(a) (effective
February 24, 2011 to February 18, 2019).

We reject these arguments. As an initial matter, the CUE standard in § 3.105(a)(1) is not different from that in § 3.105(d). There can be no finding of CUE without evidence thereof, and in any case, § 3.105(a)(1) explicitly requires that "evidence establishes such error." Furthermore, the Board and the Veterans Court correctly articulated and interpreted § 3.105(d) as the applicable CUE standard for severing service connection. J.A. 147–50 (Board's statement of the applicable law); J.A. 4–5 (Veterans Court's statement of the applicable law). In its review, the Veterans Court acknowledged that the Board applied a three-step analysis to determine whether the original grant of service connection was CUE. J.A. 7. First, the Board identified that service connection was granted in error because the VA did not recognize that Mr. Cloud's injuries were caused by willful misconduct that made him ineligible for such a grant; Second, it determined there was no disagreement that the VA made this error and failed to make a line of duty determination; Third, "the Board recognized that the error . . . manifestly changed the outcome" of the VA's original rating decision. J.A. 7 (citing to the Board's decision at J.A. 156). This analysis confirms that the Board's interpretation of § 3.105(d) is consistent with our precedent. *See, e.g. Prinkey*, 735 F.3d at 1377 (requiring CUE to be outcome determinative).

Although the VA did cite evidence in support of its finding that its original grant of service connection was CUE, *see* J.A. 65–66 (line of duty determination); J.A. 75 (September 2018 rating decision citing line of duty determination and evidence supporting it, including military personnel file, service records, laboratory results, and history of non-judicial punishment); J.A. 91 (January 2019 rating decision citing line of duty determination and evidence supporting it), any arguments concerning the Veterans Court's application of § 3.105(d) to the facts of this case is beyond our jurisdiction.

In the alternative, in his briefing, Mr. Cloud argues that the Board misinterpreted 38 C.F.R. § 3.105(d) by conflating it with 38 U.S.C. § 105(a) and erroneously relying upon a preponderance of the evidence standard to review the VA's severance decision. Appellant Opening Br. at 16–17. 38 U.S.C. § 105(a) gives rise to the presumption that "[a]n injury [] incurred during active [] service [was] incurred in line of duty . . . unless such injury [] was a result of the person's own willful misconduct or abuse of alcohol or drugs." We have held "that preponderance of the evidence is the proper evidentiary standard necessary to rebut a § 105(a) [line of duty] presumption and determine that a peacetime disability was the result of willful misconduct." *Thomas v. Nicholson*, 423 F.3d 1279, 1284–85 (Fed. Cir. 2005).

We find no evidence that the Board or the Veterans Court misapplied the preponderance of the evidence standard to review the VA's severance decision under § 3.105(d). The Board applied the preponderance of the evidence standard *only* to review Mr. Cloud's new claim that his insomnia mitigated his responsibility for the accident and is grounds for service connection. J.A. 156 (Board finding that because "Veteran's statements indicating alcohol use related to insomnia or tuberculosis treatment are noncredible" the "preponderance of the cumulative evidence shows that the accident was the result of willful misconduct."). Because Mr. Cloud's insomnia was not the basis for the original award of service connection, the Board did not need to evaluate this claim under the CUE standard.

As the Veterans Court explained in its decision, "[t]he Board reviewed the [severance] decision and applied the CUE framework. And a component of the Board's decision used the 'preponderance of the evidence' standard to establish a particular fact [in light of his insomnia claim]: that appellant's motor vehicle accident resulted from his willful misconduct. . . . The Board then applied that factual finding to the CUE framework." J.A. 8. The Veterans Court and

the Board correctly identified and interpreted 38 U.S.C. § 105(a) as requiring a preponderance of the evidence to rebut the statutory presumption that Mr. Cloud's injuries were incurred in the line of duty and were not the result of willful misconduct. Neither the Board nor the Veterans Court allowed their analysis of Mr. Cloud's insomnia claim to infect their interpretation of § 3.105(d) as requiring evidence of CUE to sustain a severance decision.

## IV

We have considered Mr. Cloud's remaining arguments and find them unpersuasive. Because the Veterans Court did not err in its interpretation of 38 C.F.R. § 3.105(d), we affirm.

### AFFIRMED

### COSTS

No costs.