Steven M. YATES, Claimant–Appellant,

v.

Togo D. WEST, Jr., Respondent–Appellee.

No. 00–7014.

United States Court of Appeals, Federal Circuit.

June 16, 2000

Steven M. Yates, pro se of Las Vegas, Nevada.

Michael S. Dufault, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel, and Sheldon Bolasny, Attorney, Department of Veterans Affairs, of Washington, DC.

Before MICHEL, LOURIE, and RADER, Circuit Judges.

LOURIE, Circuit Judge.

Steven P. Yates appeals from the judgment of the United States Court of Appeals for Veterans Claims affirming the decision of the Board of Veterans' Appeals denying Yates' claim of clear and unmistakable error in a 1976 Department of Veterans Affairs regional office ("RO") claim decision. *See Yates v. West,* No. 98–1336, 1999 WL 542182 (July 21, 1999). We *affirm.*

## BACKGROUND

Yates served in the military from 1968 to 1970, during which time he was treated for foot, ankle, and shin pain. His medical records included certain diagnostic codes that were not understandable to a lay person. In 1976, Yates filed a claim for service connection for a back disability that allegedly began during service. The RO denied his claim, finding no evidence of service connection. The RO's decision did not address the diagnostic codes in the medical records.

In April 1995, Yates filed an application to reopen his claim for service connection for a back condition. The RO denied the claim, finding no new and material evidence of service connection. Yates then appealed to the Board and submitted numerous records, including excerpts from Army regulations that explained the diagnostic codes in his medical records. Yates was given a medical examination, which revealed that he had a congenital back abnormality that was probably exacerbated during his service. The RO awarded Yates a disability rating of 60 percent, effective April 5, 1995.

Yates thereafter filed a claim of clear and unmistakable error in the RO's 1976 decision, arguing that had the RO consulted the Army regulations that explained the diagnostic codes in his medical records, the RO would have found his disability to be service connected. The RO denied Yates' claim and the Board affirmed. The Court of Appeals for Veterans Claims, however, remanded because the Board failed to address the merits of Yates' argument. On remand, the Board found that the RO's apparent failure to consult the Army regulations did not rise to the level of clear and unmistakable error. The Court of Appeals for Veterans Claims affirmed the Board's decision, finding that the Army regulations did not compel a different result because reasonable minds could still differ as to the interpretation of the medical records. Yates timely appealed to this court in accordance with 38 U.S.C. § 7292 (1994).

## DISCUSSION

Our jurisdiction to review a judgment of the Court of Appeals for Veterans

Claims, set forth in 38 U.S.C. § 7292, is highly circumscribed. *See Helfer v. West,* 174 F.3d 1332, 1335 (Fed.Cir.1999). "[A]ny party ... may obtain a review of the decision with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court [of Appeals for Veterans Claims] in making the decision." 38 U.S.C. § 7292(a) (1994). We must decide "all relevant questions of law, including interpreting constitutional and statutory provisions," and

> hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the Court of Appeals for the Veterans Claims that [we] find to be—
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (B) contrary to constitutional right, power, privilege, or immunity;
>
> (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or
>
> (D) without observance of procedure required by law.

*Id.* § 7292(d)(1). However, "[e]xcept to the extent that an appeal ... presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

On appeal, Yates argues that the Court of Appeals for Veterans Claims erred in interpreting "clear and unmistakable error" to require a manifest error that would have changed the outcome of the decision. Yates argues for a more lenient standard that would take into consideration the "benefit of the doubt" rule of 38 U.S.C. § 5107(b) (1994). The government re-

sponds that the court applied the proper test and that the determination whether the RO's failure to consider the Army regulations was a manifest error that was outcome determinative in this case here is a factual issue over which we do not possess jurisdiction.

■■■■ We have jurisdiction over this appeal because it raises a challenge concerning the interpretation of the "clear and unmistakable error" regulation that was relied on by the Court of Appeals for Veterans Claims. *See Smith v. West,* 214 F.3d 1331, 1333 (Fed.Cir.2000). However, we agree with the government that the Court of Appeals for Veterans Claims correctly interpreted "clear and unmistakable error." Section 3.105(a) of 38 C.F.R. requires that "[p]revious determinations which are final and binding, including decisions of service connection, ... be accepted as correct in the absence of *clear and unmistakable error.*" (emphasis added). In *Bustos v. West,* 179 F.3d 1378, 1380 (1999), we upheld that court's interpretation that "clear and unmistakable error" requires that the error be outcome-determinative as consistent with 38 C.F.R. § 3.105(a). "We ... hold that, to prove the existence of [clear and unmistakable error] as set forth in § 3.105(a), the claimant must show that an outcome-determinative error occurred, that is, an error that would manifestly change the outcome of a prior decision." *Id.*

Moreover, in January 1999, the Department of Veterans Affairs published final regulations concerning revision of Board decisions on grounds of clear and unmistakable error, *see* 64 Fed.Reg. 2134 (1999), *now contained in Subpart O of 38 C.F.R. Part 20 (Board of Veterans' Appeals: Rules of Practice, Subpart O—Revision of Decisions on Grounds of Clear and Unmistakable Error).* "Clear and unmistakable error" is defined as follows:

(a) *General.* Clear and unmistakable error is a very specific and rare kind of error. It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Generally, either the correct facts, as they were known at the time, were not before the Board, or the statutory and regulatory provisions extant at the time were incorrectly applied.

\*      \*      \*      \*      \*      \*

(c) *Errors that constitute clear and unmistakable error.* To warrant revision of a Board decision on the grounds of clear and unmistakable error, there must have been an error of the Board's adjudication of the appeal which, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be clear and unmistakable.

(d) *Examples of situations that are not clear and unmistakable error.—*

(1) *Changed diagnosis.* A new medical diagnosis that "corrects" an earlier diagnosis considered in a Board decision.

\*      \*      \*      \*      \*      \*

(3) *Evaluation of evidence.* A disagreement as to how the facts were weighed or evaluated.

38 C.F.R. § 20.1403 (1999). The new regulations also state that the "benefit of the doubt" rule of 38 U.S.C. § 5107(b) does not apply to a motion for revision on the ground of clear and unmistakable error. *See* 38 C.F.R. § 20.1411(a) (1999).

These regulations are consistent with our holding in *Bustos.* In fact, we find that they are reasonable and not inconsistent with any provision of law. They are especially not inconsistent with the "benefit of the doubt" rule of 38 U.S.C. § 5107(b), as asserted by Yates, because

that rule only comes into play "[w]hen, after consideration of all evidence and material of record in a case before the Department with respect to benefits under laws administered by the Secretary, there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter...." 38 U.S.C. § 5107(b). In contrast, the "clear and unmistakable error" provision applies when the facts "compel[ ] the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error." 38 C.F.R. § 20.1403(a) (1999). That is not a "balance of evidence" situation.

▮ Whether the RO's failure to consider the Army regulations would constitute clear and unmistakable error as defined above is fact-based and hence beyond our jurisdiction. *See Glover v. West,* 185 F.3d 1328 (1999). Because the Court of Appeals for Veterans Claims' interpretation of "clear and unmistakable error" was in accordance with the statute and regulations, the decision is

AFFIRMED.