NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD MCDOWELL,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7171

---

Appeal from the United States Court of Appeals for Veterans Claims in 09-2762, Judge William A. Moorman.

---

## ON MOTION

---

Before BRYSON, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

## O R D E R

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Richard McDowell's appeal for lack of jurisdiction. McDowell has not filed a response.

By way of background, McDowell's left second, third, and forth toes were amputated as a child. He served on active duty in the U.S. Navy from November 1965 to May 1966. Since November 2004, McDowell has been receiving Department of Veterans Affairs' (DVA) disability benefits for a left-foot condition based on the agency's determination that his preexisting disability was aggravated while in service. He has also been receiving unemployment benefits from the Social Security Administration (SSA).

In December 1994, McDowell sought entitlement to a total disability rating based on individual unemployability (TDIU) pursuant to 38 C.F.R. § 4.16(b), asserting he had been out of work for a number of years because of his left-foot condition. That regulation authorizes entitlement to a total disability rating if the claimant is "unable to secure and follow substantial gainful occupation by reason of his service-connected disability."

As suggested by § 4.16(b), the agency submitted McDowell's claim to the Director of Compensation and Pension Service for evaluation of a potential benefits award outside of the criteria expressly provided for in the applicable rating schedule for his condition. Along with his private medical records, the Director received McDowell's SSA records, and also obtained a VA medical examination of McDowell.

After review of the evidence of record and VA examiner's opinion, the Director decided against entitlement to TDIU on an extraschedular rating basis, a decision which was affirmed on appeal by the Board of Veterans' Affairs. The Board stated that the evidence supported the Director's conclusion that while McDowell was not a candidate to return to a welding occupation, his condition did not prevent him from finding gainful employment in a more sedentary type setting.

The Board further concluded that the evidence supported the Director's conclusion that McDowell did not present with an exceptional or unusual disability picture that would make it impractical to apply the rating schedule criteria, which already contemplates loss of use of the foot and assigns an appropriate rating.

Finally, the Board noted that while McDowell's SSA records indicate he was unemployable, the records also reflect that his inability to work is due to diabetes mellitus, hypertension, and severe obesity rather than indicating his left-foot condition as the primary cause.

McDowell then sought review by the United States Court of Appeals for Veterans Claims aided by legal representation. McDowell's primary contention was that the Board relied on insufficient evidence to support its conclusion that McDowell could perform work that would produce sufficient income. The court, however, rejected this argument on the basis that the record contained the opinion of the Director, a VA medical opinion, and his SSA records, and that the Board did not clearly error in reaching its conclusions based on that evidence.

Our review of Veterans Court decisions is limited by statute. *See Yates v. West*, 213 F.3d 1372, 1373-74 (Fed. Cir. 2000). By statute, our jurisdiction over appeals from the Veterans Court is limited to those appeals that challenge the validity of a decision of the Veterans Court with respect to a rule of law or the validity of any statute or regulation, any interpretation thereof, or that raise any constitutional controversies. *See* 38 U.S.C. § 7292. We do not have jurisdiction to hear appeals challenging determinations or the application of law to the facts of a particular case, unless there is a constitutional issue present. *See* 38 U.S.C. § 7292(d)(2).

McDowell seeks review of the Court of Appeals for Veterans Claims' decision. In his informal brief, however,

McDowell indicates that his appeal does not seek to challenge a constitutional issue, the validity or interpretation of a statute or regulation, and the only issue that McDowell indicates the court below failed to address pertain his required pain medication and use of a cane to walk, which go to the facts of his case rather than a legal issue.

Although pro se petitioners "are not required to file legally impeccable submission to proceed on appeal," *Hilario v. Secretary, Dep't of Veterans Affairs.* 937 F.2d 586, 589 (Fed. Cir. 1991), McDowell must demonstrate that this court has jurisdiction over his case, and he has not made such a showing. The court therefore grants the Secretary's motions and dismisses this appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

NOV 14 2011
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Richard McDowell
Joshua A. Mandlebaum, Esq.

s19

Issued As A Mandate: __NOV 14 2011__

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 14 2011

JAN HORBALY
CLERK