NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DEBORAH S. AZNAR,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7183

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-420, Judge Robert N. Davis.

---

## ON MOTION

---

Before NEWMAN, LINN, and REYNA, *Circuit Judges.*

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Deborah S. Aznar's appeal from the United States Court of Appeals

for Veterans Claims' judgment in *Aznar v. Shinseki*, 10-420, for lack of jurisdiction.

By way of background, Aznar served on active duty from March 1977 to November 1979. She has been receiving entitlement to Department of Veteran Affair's disability compensation benefits for a low back disability since October 2000 at a 10% disability rating award.

In 2004, Aznar sought an increased disability rating, a claim which was denied by a Department regional office. The Board of Veterans' Appeals affirmed that decision, referencing the report of a VA medical examiner who suspected Aznar of malingering, noting she had a relaxed posture while in the waiting room, but exhibited significant decreased motion with marked grimacing with all movement during the examination.

The Board also noted that the credible evidence of record, which included examination demonstrating full range of motion and normal spinal curvature, did not meet the criteria for a higher rating award. The Court of Appeals for Veterans Claims affirmed the Board's decision, concluding that the Board did not err in doubting Aznar's credibility.

Our review of Veterans Court decisions is limited by statute. *See Yates v. West*, 213 F.3d 1372, 1373-74 (Fed. Cir. 2000). By statute, our jurisdiction over appeals from the Veterans Court is limited to those appeals that challenge the validity of a decision of the Veterans Court with respect to a rule of law or the validity of any statute or regulation, any interpretation thereof, or that raise any constitutional controversies. *See* 38 U.S.C. § 7292. We do not have jurisdiction to hear appeals challenging determinations or the application of law to the facts of a particular case, unless there is a constitutional issue present. *See* 38 U.S.C. § 7292(d)(2).

Aznar seeks review of the Court of Appeals for Veterans Claims' decision. In her informal brief, however, Aznar indicates that her appeal does not seek to challenge a constitutional issue, the validity or interpretation of a statute or regulation, or any other legal issue addressed below.

Aznar instead contends that she "doesn't feel that all of the evidence was considered on the same level," noting that the "examiner thought she was lying." This court, however, has held in analogous cases that "whether lay evidence is competent and sufficient in a particular case is a fact issue," *Jandreau v. Nicholson*, 492 F.3d 1372, 1377 (Fed. Cir. 2007), and thus outside our limited jurisdictional review. For the same reasons, this court does not have jurisdiction to review Aznar's other challenges regarding the VA medical examiner's opinion, which only challenge issues of fact or application of law to fact.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted.

(2) Each side shall bear its own costs.


FOR THE COURT

JAN 13 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Deborah S. Aznar
     Antonia R. Soares, Esq.

s20

Issued As A Mandate:  JAN 13 2012

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 13 2012

JAN HORBALY
CLERK