NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALICE B. WISE,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7163

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-1786, Judge Ronald M. Holdaway.

---

Before NEWMAN, LINN, and REYNA, *Circuit Judges.*

LINN, Circuit *Judge.*

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Alice B. Wise's appeal from the United States Court of Appeals for Veterans Claims' judgment in *Wise v. Shinseki*, 09-1786, for lack of jurisdiction. Wise opposes. The Secretary replies.

In 1975, Mrs. Wise sought dependency and indemnity compensation (DIC) benefits following her husband's death in a motorcycle accident during his military service in Japan. In April 1976, the Department of Veterans Affairs denied Mrs. Wise's claim, concluding that the veteran's death was a result of his willful misconduct and was not incurred in the line of duty. Specifically, Veterans Affairs found that the veteran was driving under the influence of alcohol and at an unsafe speed and that this was "deliberate wrong-doing with wanton and reckless disregard of its probable consequences." Mrs. Wise did not appeal the decision thereby rendering it final.

In 2001, Mrs. Wise attempted to reopen her claim, asserting that she had new and material evidence, pursuant to 38 U.S.C. § 5108. Mrs. Wise submitted a letter from the veteran's commanding officer, stating that the veteran "apparently skidded upon wet pavement and lost control of his bike that morning." Mrs. Wise also testified that she did not believe her husband was intoxicated at the time of the accident. She further testified that her husband would not have been drinking heavily because they recently had their first child, and also that he was a careful driver and only a social drinker.

In April 2009, the Board of Veterans' Appeals found that Wise had not provided new and material evidence to reopen her claim. In its decision, the Board noted that the Department's regulation defining what constitutes new and material evidence had been amended during the pendency of her appeal. Nevertheless, the Board explained that it would apply the former and more favorable version of the regulation, which stated in relevant part:

> 'New and material' evidence means evidence not previously submitted to agency decision makers which bears directly and substantially upon the specific matter under consideration, which is neither cumulative nor

redundant and which, by itself or in connection with the evidence previously assembled, is so significant that it must be considered in order to fairly decide the merits of the case.

38 C.F.R. § 3.156 (2001)

The Board determined that the letter from her husband's commanding officer was previously considered by the Department and was, therefore, not new evidence. The Board also determined that Mrs. Wise was not competent to testify about what occurred during the accident because she had no personal knowledge of how much alcohol her husband consumed, his state of mind, the weather conditions, or the speed he was driving on the night of the accident.

Mrs. Wise appealed the Board's decision to the United States Court of Appeals for Veterans Claims, asserting, inter alia, that the Board failed to provide adequate reasons in determining that her testimony was not competent. The Court of Appeals for Veterans Claims affirmed the Board's decision. In rejecting Mrs. Wise's contentions that her testimony regarding her husband's customary practice of not drinking and driving does constitute "material" evidence, the Court stated in relevant part:

> However, as the Secretary notes, the appellant's argument is misplaced. In order to reopen a claim, the evidence must bear directly and substantially upon the 'specific matter' under consideration and must be 'so significant it must be considered in order to fairly decide the merits of the claim.' *See* 38 C.F.R. § 3.156 (2001). In the April 1976 decision, the RO denied the claim based on a finding that the veteran had been drinking and driving too fast and thus his death was 'deliber-

ate wrongdoing with wanton and reckless disregard of its probable consequences.' R. at 789. The evidence necessary for reopening must therefore relate to the veteran's mental state and driving manner at the time of the accident, not his normal practice. There is no evidence and the appellant does not contend that she was present at the time of the accident. Thus, the Board properly determined that her statements were not material. The Board also provided adequate reasons or bases for its decision.

Our review of Veterans Court decisions is limited by statute. *See Yates v. West*, 213 F.3d 1372, 1373-74 (Fed. Cir. 2000). By statute, our jurisdiction over appeals from the Veterans Court is limited to those appeals that challenge the validity of a decision of the Veterans Court with respect to a rule of law or the validity of any statute or regulation, any interpretation thereof, or that raise any constitutional controversies. *See* 38 U.S.C. § 7292. We do not have jurisdiction to hear appeals challenging determinations or the application of law to the facts of a particular case, unless there is a constitutional issue present. *See* 38 U.S.C. § 7292(d)(2).

The parties dispute whether the Veterans Court adopted a legal rule that would give this court jurisdiction over this appeal. Mrs. Wise contends in her brief and her opposition that the Veterans Court adopted an interpretation of § 3.156 that would categorically exclude evidence of customary practice from being "material" evidence. The Secretary responds that the Veterans Court did not adopt a categorical rule. Rather, the Secretary contends the Veterans Court merely addressed the challenge to the Board's statement of reasons or bases of its factual findings, including whether Mrs. Wise's testimony was not competent to the specific issue before the Board, i.e.,

whether the veteran was under the influence of alcohol and was driving at an excessive speed at the time of the accident.

We agree with the Secretary that the Veterans Court in this case did not adopt a categorical rule that evidence of customary practices could never constitute "material" evidence. As the Secretary points out, the 1976 RO decision made specific findings that the cause of death was due to Mr. Wise being under the influence of alcohol and drove his motorcycle at an excessive speed coming to and through a 30-40 degree curve when he lost control of the motorcycle. Because that was the evidence of record, the Court explained that in this case any "new and material" evidence "must therefore relate to the veteran's mental state and driving manner at the time of the accident, not his normal practice." The Veterans Court further explained that "[t]here is no evidence and the appellant does not contend that she was present at the time of the accident. Thus, the Board properly determined that her statements were not material." In doing so, the court was merely stating the customary evidence presented here could not constitute material evidence because of the specifics of the Board's prior findings.

Here, as in *Spencer v. Brown*, 17 F.3d 368, 374 (Fed. Cir. 1994), "we cannot disturb the [Veterans Court's] holding that there was new and material evidence presented after the Board's 1987 decision . . . as that would require us to review the application of law to the facts of this case, concerning which we have no jurisdiction." We therefore cannot reverse the Veterans Court's conclusion in this case that the Board was correct in not reconsidering the claim.

Nor does this court have jurisdiction to review the Board's conclusion that Mrs. Wise was not competent to testify about whether her husband was in fact under the influence of alcohol while driving on the night of his death

because she was not there. This court has held in analogous cases that "whether lay evidence is competent and sufficient in a particular case is a fact issue[.]" *Jandreau v. Nicholson*, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT


___JAN 13 2012___                    /s/ Jan Horbaly
      Date                         Jan Horbaly
                           Clerk

cc: Sandra W. Wischow, Esq.
     Domenique Kirchner, Esq.

s20

    Issued As A Mandate: ___JAN 13 2012___


FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 13 2012

JAN HORBALY
CLERK