NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NORMAN E. PETERSON,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7133

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-2433, Judge Alan G. Lance, Sr.

---

Decided: April 25, 2013

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

SHELLEY WEGER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assis-

tant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel and MARTIE ADELMAN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before RADER, *Chief Judge,* LOURIE, and WALLACH, *Circuit Judges.*

PER CURIAM.

Norman E. Peterson, a U.S. Navy veteran, appeals from a decision by the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a March 30, 2010 Board of Veterans' Appeals ("Board") decision that found there was no clear and unmistakable error ("CUE") in a September 6, 1973 rating decision ("September 1973 Rating Decision") that granted total disability resulting from individual unemployability ("TDIU"), effective June 27, 1973. *Peterson v. Shinseki*, No. 10–2433, 2012 WL 87578, at *1 (Vet. App. Jan. 12, 2012). In February 2006, Mr. Peterson sought to revise the September 1973 Rating Decision on the basis of CUE, and on March 30, 2010, the Board determined that the September 1973 Rating Decision was not the result of CUE. The Veterans Court agreed, reasoning that the alleged error was not outcome-determinative. *See Willsey v. Peake*, 535 F.3d 1368, 1371 (Fed. Cir. 2008) (holding that CUE required a showing that the alleged error in the challenged decision "would have manifestly changed the outcome at the time it was made") (citing *Russell v. Principi*, 3 Vet. App. 310 (1992)). We lack jurisdiction to review these decisions because Mr. Peterson fails to raise "challenge[s] to the validity of any statute or regulation" or any interpretation of "constitutional or statutory provisions." 38 U.S.C. § 7292(c). Rather, he raises factual issues or the application of law to fact over which this court lacks jurisdiction. *Id.* § 7292(d)(2).

Mr. Peterson contends the Veterans Court erred in affirming the Board's decision not to address the merits of Mr. Peterson's contention that the Board misapplied 38 C.F.R. § 3.156(a)(1973). This purported error, according to Mr. Peterson, in turn was a violation of 38 U.S.C. § 7104(a), which requires the Board to consider and apply all potentially applicable provisions of law and regulation. As such, Mr. Peterson avers that this case involves an interpretation of both statute and a regulation.

Mr. Peterson's assertions that the Veterans Court misinterpreted § 7104(a) and misapplied § 3.156(a) are unpersuasive. Contrary to his contention, neither the Veterans Court nor the Board failed to consider or misapplied § 3.156(a).[1] Rather, the Veterans Court found that "[t]he Board acknowledged the appellant's § 3.156 argument, but explained that it could not establish an outcome determinative error." J.A. 3. In noting the Board's finding that § 3.156 could not establish an outcome-determinative error, the Veterans Court recognized that the Board considered § 3.156 to the extent it was relevant to the CUE claim and concluded that even assuming that a

---

[1] 38 C.F.R. § 3.156(a) (1973) provided that "[n]ew and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision, will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." Mr. Peterson argues that under the correct interpretation of the regulation, the RO was obligated to determine whether new and material evidence received related to a pending claim and treat that evidence as if it was filed in connection with the pending claim. Therefore, Mr. Peterson contends that determining whether the new and material evidence relates to a "pending claim" was required as an initial step and the failure to do so was error.

TDIU claim was pending since 1967, an effective date prior to June 1973 was not supported by the record. J.A. 4. Hence, Mr. Peterson's argument regarding § 7104(a) is not directed at any interpretation of a statute or regulation but at the factual finding made by the Board, and affirmed by the Veterans Court, that the alleged failure to apply § 3.156 was not outcome-determinative. *Yates v. West*, 213 F.3d 1372, 1375 (Fed. Cir. 2000). This court lacks jurisdiction to review this factual determination.

**DISMISSED**