NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT L. STRICKLAND, JR.,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7095

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2680, Judge Mary J. Schoelen.

---

Decided: October 8, 2013

---

ROBERT L. STRICKLAND, JR., of Sumter, South Carolina, pro se.

ALEXANDER V. SVERDLOV, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and JOSHUA P. MAYER, Attor-

ney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before NEWMAN, CLEVENGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

In 2011, the Board of Veterans' Appeals partly denied and partly dismissed Robert L. Strickland's motion asserting that the Board had earlier committed clear and unmistakable error regarding certain of Mr. Strickland's claims for disability benefits. The Court of Appeals for Veterans Claims found no error in the Board's decision. *Strickland v. Shinseki*, No. 11-2680, 2013 WL 388584 (Vet. App. Jan. 31, 2013). Because of the limits on this court's own jurisdiction to review decisions of the Veterans Court, we dismiss Mr. Strickland's appeal.

BACKGROUND

Mr. Strickland served on active duty in the United States Air Force from April 1980 to June 2000. In April 2000, he filed a claim for veterans' disability benefits, asserting that he was suffering from multiple ailments, including sinusitis, allergic rhinitis, bilateral hearing loss, bilateral leg tendonitis, mild forefoot difficulties, mild eczema, vision impairment, low back pain, and a dental condition, and that each of the conditions was connected to his military service.

In November 2000, a Regional Office of the United States Department of Veterans Affairs (VA) found a service connection for Mr. Strickland's mild eczema, sinusitis, allergic rhinitis, and mild forefoot difficulties. The Regional Office also found that his eczema and forefoot difficulties were compensable under the VA's rating system, and it classified each condition as 10 percent disabling. The Regional Office determined, however, that

although Mr. Strickland had suffered from sinusitis and allergic rhinitis related to his military service, he did not have compensable forms of those problems as of July 2000, the effective date of his application for benefits. In particular, the Regional Office determined that these two problems had been adequately addressed by sinus surgery in 1999 along with regularly administered medications. Finally, the Regional Office denied Mr. Strickland's claims of service connection for vision impairment, bilateral hearing loss, low back pain, and tendonitis. Mr. Strickland did not file a notice of disagreement with the Regional Office determinations, which therefore became final. *See* 38 U.S.C. § 7105, 38 C.F.R. §§ 3.104(a), 3.160(d), 20.302(a), 20.1103.

In July 2002, Mr. Strickland submitted a statement to the Regional Office, reporting that his allergies (underlying his sinusitis and rhinitis) had become more severe since 2000 and that he now required additional medication. In his statement, Mr. Strickland also requested reopening of his claims for bilateral hearing loss, tendonitis of the ankles, tendonitis of the legs, and a dental disorder. In January 2003, based on this statement and the subsequent VA medical examination, the Regional Office granted Mr. Strickland a 10 percent disability rating for his sinusitis and allergic rhinitis. But the Regional Office determined that there was no new and material evidence to justify reopening his disability compensation claims for bilateral hearing loss, tendonitis of the legs, tendonitis of the ankles, and a dental condition.

Mr. Strickland appealed the Regional Office's 2003 decision to the Board of Veterans' Appeals, arguing that he was entitled to a disability rating for his sinusitis and rhinitis higher than 10 percent and that his denied claims should be reopened. On March 6, 2009, after an initial hearing and remand, the Board issued its decision. The Board considered additional evidence submitted after Mr.

Strickland's July 2002 statement, including two VA medical examinations, a computed-tomography examination, and multiple reports from Mr. Strickland, but it found that Mr. Strickland was not entitled to a disability rating of more than 10 percent for his sinusitis and allergic rhinitis under 38 C.F.R. § 4.97. The Board also found that Mr. Strickland had not identified any new and material evidence that would justify reopening his claims for benefits based on vision problems, bilateral hearing loss, tendonitis of the legs, tendonitis of the ankles, and a dental disorder.[1] For those claims, the Board found that Mr. Strickland had not carried his burden of presenting new and material evidence relating to each alleged disability, *i.e.*, evidence not previously submitted to the VA that "relates to an unestablished fact necessary to substantiate the claim." 38 U.S.C. § 5108; 38 C.F.R. § 3.156.

The Board did, however, grant Mr. Strickland's request to reopen his claim for a chronic low back disorder and found a service connection for that disorder. In June 2004, a medical provider found that Mr. Strickland suffered from bulging disks and degenerative joint disease of the cervical spine and lumbar spine. In the provider's opinion, it was "certainly a possibility" that Mr. Strickland's current back condition was related to his back injury during service. The Board also considered an August 2008 clinical opinion, which established that Mr. Strickland was treated for a chronic back disorder while

---

[1] The Board referred two of Mr. Strickland's claims—for benefits based on dry-eye syndrome and damage to his eardrums—back to the Regional Office for further inquiry. In addition, reading several of Mr. Strickland's statements as seeming to raise a claim for VA dental benefits based on in-service treatment of his teeth, the Board referred that potential claim to the Regional Office.

in service and that the disorder had continued and was still being treated. The Board concluded that there was sufficient new and material evidence of a lower-back disorder that was related to an in-service injury.

The Board also granted Mr. Strickland's request to reopen his claim for tendonitis of the ankles. A November 2002 orthopedic evaluation had diagnosed Mr. Strickland with chronic bilateral ankle strains, a condition that had been present during Mr. Strickland's service. Based on that evaluation and an earlier one, the Board found that there was new and material evidence regarding Mr. Strickland's claim for benefits based on an ankle disorder. The Board remanded the claim to the Regional Office.

Mr. Strickland did not appeal to the Veterans Court either the denial of the rating increase or the rejection of reopening as to a number of his claims.

In May 2011, Mr. Strickland filed with the Board a motion for "reconsideration and revision" of the March 2009 Board decision on the basis of clear and unmistakable error (CUE). *See* 38 U.S.C. § 7111(a); 38 C.F.R. §§ 20.1403(a), (c). On June 29, 2011, the Board partly denied and partly dismissed Mr. Strickland's CUE challenges.

The denial concerned the Board's denial of a rating higher than 10 percent for Mr. Strickland's sinusitis and allergic rhinitis. The Board explained that neither the "level of detail recorded in service records" nor an alleged failure by the VA to obtain additional records, which were the bases for Mr. Strickland's claim, could be CUE. Further, the evidence suggested that Mr. Strickland's medical history was thoroughly reviewed by the VA and that the 10 percent disability rating was properly based on the severity of his disability at the relevant time. The Board also explained that a finding of CUE could not rest on mere disagreement with how the facts of his condi-

tion—number and severity of sinus infections—were weighed or evaluated. *See* 38 C.F.R. § 20.1403(d).

The dismissal concerned certain other claims. The Board found that Mr. Strickland "failed to adequately set forth the alleged CUE . . . in the Board decision" with regard to his claims for bilateral hearing loss, tendonitis of the legs, and a dental disorder. On the basis of that pleading deficiency, it dismissed without prejudice his motion for revision as to those claims. *See* 38 C.F.R. § 20.1404(b).

Mr. Strickland appealed the 2011 Board denial of the CUE motion to the Court of Appeals for Veterans Claims, which affirmed the decision on January 31, 2013. *Strickland*, No. 11-2680, 2013 WL 388584. The Veterans Court found no reversible error in either of the Board's two rulings on Mr. Strickland's allegation of CUE in the March 2009 Board decision.

Regarding the rating level, the Veterans Court reasoned that the "March 2009 Board decision properly considered the history of the appellant's sinusitis when it adjudicated his June 2002 rating increase claim for sinusitis." *Id.* at *2. The Veterans Court explained that the Board properly focused on the severity of Mr. Strickland's disability during the relevant period (July 2002 until March 2009), whereas Mr. Strickland's CUE motion had focused on the episodes of sinusitis that he experienced many years earlier, during his military service. *Id.* To the extent that Mr. Strickland discussed the severity of his disability during the relevant period (2002-2009), the Veterans Court agreed with the Board that his disagreement was with how the Board weighed the evidence. *Id.* at *3. The Veterans Court also disagreed with Mr. Strickland's allegations that one of his VA ear, nose, and throat examinations was inadequate because it "was not based on a thorough review of his medical history. . . ." *Id.* The

Veterans Court explained that the Board had properly found the medical examination to have included an adequate discussion of Mr. Strickland's medical history, and the Veterans Court further agreed with the Board that, because the report was not the only evidence in the record used to deny Mr. Strickland's claim, he "ha[d] not established that the outcome of the March 2009 Board decision would have been manifestly different . . . ." *Id.*

The Veterans Court also affirmed the Board's dismissal without prejudice of Mr. Strickland's CUE challenge regarding his claims for disability benefits for bilateral hearing loss, tendonitis of the legs, and a dental disorder. *Strickland v. Shinseki*, No. 11-2680, 2013 WL 388584, at *4. The Veterans Court agreed with the Board that, despite providing a detailed explanation of why he believed he was entitled to disability compensation benefits for these ailments, Mr. Strickland had failed to plead with specificity clear and unmistakable errors in the March 2009 Board decision. *Id.* The Veterans Court noted, however, that Mr. Strickland could re-file his CUE assertions with the Board in a manner that complied with 38 C.F.R. § 20.1404(b). *Id.* The Veterans Court dismissed additional arguments made by Mr. Strickland pertaining to other disabilities for lack of jurisdiction because they were not the subject of the Board's 2011 decision. *Id.* at *5. Mr. Strickland appeals.

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. We have jurisdiction to decide appeals that challenge the validity of a decision of the Veterans Court with respect to a rule of law or the validity of any constitutional provision, statute, or regulation, including any interpretation of such a source of law. *Id.* § 7292(d)(1). We do not have jurisdiction to review a challenge to a factual determination made by the Veterans Court or a

challenge to a law or regulation as applied to the facts of a particular case unless the challenge presents a constitutional issue. *Id.* § 7292(d)(2).

Some of Mr. Strickland's arguments relate to issues that were before the Veterans Court on appeal— specifically, the proper rating for Mr. Strickland's sinusitis and allergic rhinitis, and the Board's denial of Mr. Strickland's request to reopen his claims for hearing loss, tendonitis of the legs, and a dental disorder. Brief for Appellant at 5-6, 12-14. For example, Mr. Strickland alleges that a flight surgeon documented more than six non-incapacitating episodes of sinusitis/allergic rhinitis within one year in 1998 and that this should have been sufficient for the VA to assign him a higher disability rating. *Id.* at 3. He goes on to document the findings of medical examinations and recommendations made by providers in support of his request for a higher disability rating for his sinusitis and allergic rhinitis, and maintains his challenge to the adequacy of the medical evidence. *Id.* at 3-4, Questions 4-5. Mr. Strickland also asks this court to consider "musculo-skeletal conditions . . . with injury of both feet and ankles" as a result of an injury sustained in 1989 as well as details of his dental history, evidence which he alleges prove certain disabilities and entitle him to compensation. *Id.* at 5-6, 12-14. The Veterans Court found no error with how the Board evaluated and weighed the evidence relating to the proper disability rating for Mr. Strickland's sinusitis and allergic rhinitis. *Strickland*, No. 11-2680, 2013 WL 388584, at *2-3. The Veterans Court also determined that the Board's dismissal of Mr. Strickland's CUE claims relating to his request to reopen his claims for hearing loss, tendonitis of the legs, and a dental disorder were not improper given that Mr. Strickland's argument was that the weight of the evidence entitled him to disability compensation benefits, and was not directed to any specific errors made by the

Board that would have materially affected the outcome of his case.  *See id.* at 4.

These contentions are outside our jurisdiction.  Under 38 U.S.C. § 7292(d)(2), we may not review factual findings or the application of the law to the facts where, as here, no constitutional claims are present.  Mr. Strickland does not raise any constitutional issue or identify a statute or regulation that the Veterans Court misinterpreted.[2]  He does extensively cite to the regulations setting forth the diagnoses and disability ratings to which he believes he is entitled, but he makes no allegations that the VA or Board misinterpreted those regulations.  *See* Brief for Appellant at 3, 14-17.  Nor does Mr. Strickland identify any error in the Veterans Court's statements of the law more generally, such as the law concerning the adequacy of the Board's analysis.  Rather, he argues that the Board and VA did not properly evaluate and weigh the relevant medical evidence, and relied on inadequate evidence, and thereby failed to properly diagnose and rate his disabilities.  Even if this claim of error applied not just to the Board and the VA but to the Veterans Court, it would be outside our jurisdiction, because it concerns only the weighing of evidence and not an error in a rule of law.

---

[2]    In response to question 5 in his brief, Mr. Strickland argues that "[b]enefit of the doubt consideration was not given as to why my military and veterans' medical records did not contain sufficient details . . . ."  This court has held, however, that a claim of "CUE does not create a 'balance of the evidence' situation to which the 'benefit of the doubt' rule could apply."  *Disabled American Veterans v. Gober*, 234 F.3d 682, 697 (Fed. Cir. 2000); *see Yates v. West*, 213 F.3d 1372, 1375 (Fed. Cir. 2000) ("[T]he 'benefit of the doubt' rule of 38 U.S.C. § 5107(b) does not apply to a motion for revision on the ground of clear and unmistakable error.").

*See Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010).

Mr. Strickland alleges several other instances where the Board and VA failed to consider medical evidence related to conditions that were the subject of the earlier 2009 Board decision (but not the 2011 Board decision), or were not before the Board in 2009. *See* Brief for Appellant at 2 (chorioretinal scar and dry eye syndrome); *id.* at 3 (service-connected uvula reduction surgery"); *id.* at 4-5 (degenerative disc disease); *id.* at 7-8 (multiple fore foot difficulties and shin splints); *id.* at 9 (hearing loss and tinnitus); *id.* at 10-11 (multiple skin disorders). These arguments were not before the Veterans Court, however, and were not the subject of its decision on appeal here. We therefore do not consider these arguments.

Finally, Mr. Strickland appears to raise several new claims, including claims for "adverse reactions to the Gamma Globulin vaccine (Hepatitis-B Vaccine)," "Complex Regional Pain Syndrome or Regional Pain Syndrome," probable exposure to depleted uranium while in service, physical dysfunction involving sexual performance, and moderate post-traumatic stress disorder. *See* Brief for Appellant at 2, 5-6, 8-9. Mr. Strickland also asks that this court reopen his claim for "repeated throat and tonsil infections." *Id.* at 2. This court does not have jurisdiction to adjudicate claims in the first instance or to determine whether Mr. Strickland has offered sufficient new and material evidence to reopen a prior claim. Accordingly, we have no jurisdiction over this appeal, which must be dismissed.

No Costs.

**DISMISSED**