# United States Court of Appeals for the Federal Circuit

---

**DAVID M. GILES,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1096

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-3924, Senior Judge Robert N. Davis.

---

Decided: February 17, 2021

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

DAVID PEHLKE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JEFFREY B. CLARK, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; JULIE HONAN, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge*, CLEVENGER and TARANTO, *Circuit Judges.*

CLEVENGER, *Circuit Judge.*

David M. Giles appeals from the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which rejected his request for an earlier effective date for the compensation he receives from the Department of Veterans Affairs ("VA") for his service-connected chronic bipolar disorder with psychosis. *Giles v. Wilkie*, No. 17-3924, 2019 WL 3422606, at *1 (Vet. App. July 30, 2019). For the reasons set forth below, we affirm.

I

Mr. Giles is a veteran of the United States Army. He served on active duty twice, between 1976 and 1982. He later joined the United States Army Reserve, and reported for active duty for training in the Reserve on June 3, 1984. Shortly thereafter, he suffered mental problems, was hospitalized, and was then later discharged in November 1984.

Mr. Giles initially filed a claim for a service-connected nervous condition with the VA in March 1984. Shortly thereafter, following a medical examination, he was diagnosed with a personality disorder. While his claim was pending, he entered into his active duty for training. On his first day of training, he precipitated a disturbance that led his sergeant to question his mental stability, and Mr. Giles was hospitalized. After a number of examinations, he was diagnosed with an acute case of organic delusional syndrome, and then discharged from the Reserves in November 1984. In December 1984, the VA denied his claim for service connection for a nervous condition, reasoning that his diagnosed personality disorder did not qualify as a disability under the law. On December 2, 1985, Mr. Giles was again hospitalized and given an admitting diagnosis of

schizophrenia, paranoid type. Upon discharge from the hospital on January 13, 1986, he was diagnosed with chronic bipolar disorder, manic. Mr. Giles requested reopening of the December 1984 denial of his claim and submitted additional evidence. On April 10, 1986, the VA denied his request to reopen, reasoning that Mr. Giles presented no basis for relating his "neuropsychiatric disorder" to military service.

Mr. Giles timely appealed the April 10, 1986 denial to the Board of Veterans' Appeals ("BVA"). The BVA's April 6, 1987 decision affirmed the April 10 denial. After full review of Mr. Giles's medical records, the BVA concluded that service connection was not warranted for the diagnosis of personality disorder during his active duty service. The BVA concluded that upon entry into active duty for training in the Reserves, Mr. Giles had manifestations of organic delusional syndrome, deemed due to alcohol and cannabis abuse that admittedly occurred before entering training, considered to be acute and apparently resolved before his discharge from the hospital. The BVA ruled that Mr. Giles's bipolar disorder, manifested in December of l985 and diagnosed as chronic in January 1986, was "not of service onset." J.A. 62. The BVA concluded that "[a]n acquired psychiatric disorder was neither incurred in nor aggravated by service nor may a psychosis be presumed to have been incurred in active military service." *Id*. The April 6, 1987 BVA decision was not appealed to the Veterans Court by Mr. Giles, and thus became the final decision denying his 1984 claim.

On March 31, 1995, Mr. Giles filed a claim with the VA for service-connected Post Traumatic Stress Disorder. The VA characterized his claim as a request to reopen his previously denied 1984 claim for service-connected psychiatric disability. After review of his case upon reopening, the VA awarded him service connection for chronic bipolar disorder with psychosis, effective the date he filed his claim. Mr. Giles did not then, nor now, challenge the VA's

characterization of his March 31, 1995 claim or any aspect of the award for bipolar disorder.

In July 2012, Mr. Giles filed a request to revise the April 6, 1987 BVA decision on the ground that the decision contained clear and unmistakable error ("CUE")[1], because the BVA failed to recognize Mr. Giles's claim for benefits on a presumptive basis under 38 C.F.R. § 3.303(b) for his June 1984 diagnosis of organic delusional syndrome.[2] The July 2012 filing was a follow-up to a previously filed CUE request that the BVA had not acted upon.

---

[1]     CUE is an error of fact or law, "to which reasonable minds could not differ," that would have compelled a manifestly different outcome in the case but for the error. 38 C.F.R. § 20.1403(a); *see also Yates v. West*, 213 F.3d 1372, 1375 (Fed. Cir. 2000). CUE is manifest when "either the correct facts, as they were known at the time, were not before the Board, or the statutory and regulatory provisions extant at the time were incorrectly applied." 38 C.F.R. § 20.1403(a). CUE serves to correct errors in the BVA decision that have become final and thus are not subject to direct review.

[2]     Under 38 C.F.R. § 3.303(b), a veteran who was diagnosed with a chronic disease during service, and then manifests the same chronic disease at a later date, is entitled to a presumption of service connection for the later manifested diseases, "unless clearly attributable to intercurrent causes." Section 3.303(b) is constrained by the chronic diseases listed under § 3.309(a), and "[n]o condition other than one listed in § 3.309(a) will be considered chronic." *Walker v. Shinseki*, 708 F.3d 1331, 1337 (Fed. Cir. 2013) (alteration in original). The list of conditions in § 3.309(a) includes "psychoses," the interpretation of which is in dispute in this case.

On June 25, 2014, the BVA rejected Mr. Giles's CUE motion on two grounds. First, the BVA stated that regulations in effect as of the April 1987 BVA decision denied Mr. Giles status as a veteran during his active duty for training service and as such barred his claim for benefits for his diagnosed organic delusional syndrome. Second, the BVA ruled that the record before the April 1987 BVA showed that Mr. Giles did not suffer from a chronic psychiatric disability during his active duty for training service, and thus barred application of § 3.303(b) to his case. And the BVA noted that if its decision on the issue of "veteran" status was incorrect, the error was harmless as even with "veteran" status, Mr. Giles failed to satisfy the requirements of § 3.303(b).

Mr. Giles appealed this adverse BVA decision to the Veterans Court. He argued that the BVA misapplied the relevant law when it held that Mr. Giles lacked "veteran" status. With regard to his § 3.303(b) argument, he contended that the law only requires that there be "subsequent manifestations of the same chronic disease." In his view, because organic delusional syndrome and bipolar disorder are both psychoses, whether his organic delusional syndrome was acute or chronic is irrelevant. In response, the Veterans Court held that the BVA had insufficiently explained why Mr. Giles lacked "veteran" status during his active duty for training service, and the court remanded the case to the BVA for further review of that issue. The Veterans Court expressly declined to consider Mr. Giles's § 3.303(b) argument.

On remand, the BVA on July 5, 2017 once again ruled that the April 1987 BVA decision did not commit CUE. In response to the Veterans Court's remand order, the BVA explained its view that the regulations in effect as of the April 1987 BVA decision provided that the presumption of service incurrence of certain diseases, such as psychosis, did not apply to a period of active duty for training, and as such a person serving on active duty for training would not

be considered a "veteran" during that service. On the § 3.303(b) issue, the BVA again concluded that Mr. Giles failed to show that he had incurred a chronic disease during his active duty for training service. Once again, the BVA noted that any error it may have made in analysis of the "veteran" status issue was harmless, as Mr. Giles failed to show he suffered from a chronic disease while on active duty for training. Mr. Giles timely appealed the adverse BVA decision to the Veterans Court.

II

Once more before the Veterans Court, Mr. Giles renewed his challenge to the BVA determination that he lacked "veteran" status while serving on active duty for training. He also argued again that whether his organic delusional syndrome diagnosis was acute, or chronic, does not matter for purposes of § 3.303(b) because organic delusional syndrome is a psychosis, as is bipolar disorder, and "psychoses" are defined in § 3.309(a) as chronic diseases. The Veterans Court affirmed the BVA determination that Mr. Giles failed to satisfy the requirements of § 3.303(b), and declined to reach the issue of Mr. Giles's "veteran" status while on active duty for training on the ground that even if the BVA erred on that issue, the error is harmless given the rejection of Mr. Giles's. § 3.303(b) argument.

The Veterans Court noted that throughout the long history of this case, based on the medical records of the case, the VA and the BVA treated Mr. Giles's acute organic delusional syndrome and bipolar disorder conditions as distinct, separate and unrelated. The Veterans Court's decision, dated July 30, 2019, concluded that organic delusional syndrome and bipolar disorder are different, and as such, the regulation's requirement that the same chronic disease as shown in service must be shown after service is not satisfied on the full record. The Veterans Court noted Mr. Giles's argument that it was "of no moment" that his organic delusional syndrome had been

diagnosed as an acute episode and his view that the condition should have been diagnosed as chronic, but found the arguments only raised a dispute over a factual question, and that relief under CUE for such a dispute is only available if there was only one possible answer to the fact question, which was not the case regarding the diagnosis of Mr. Giles's organic delusional syndrome. Because the full record showed both that no chronic disease manifested during Mr. Giles's active duty for training service and that Mr. Giles's two diagnosed conditions were not the same, Mr. Giles was denied his avenue of relief through § 3.303(b).

### III

Mr. Giles timely appealed the July 30, 2019 decision of the Veterans Court, raising both the question of whether the BVA correctly denied him "veteran" status during his active duty for training service, and his claim for relief due to CUE in the BVA and Veterans Court decisions that denied him relief under § 3.303(b). Mr. Giles concedes that we need not reach the "veteran" status issue if we conclude that there is no error in the Veterans Court's holding on the § 3.303(b) issue, as we do. *See* Oral Argument at 7:42–8:29 (Dec. 11, 2020), http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20-1096_12112020.mp3.

Under 38 U.S.C. § 7292, we have jurisdiction to review and decide questions of law that arise from final decisions of the Veterans Court. As explained below, this appeal presents the question of how to interpret § 3.303(b), in connection with § 3.309(a), when the facts show two diseases both of which are a psychosis.

### IV

At the core of this case is the question of whether "psychoses," as listed under § 3.309(a), is to be interpreted as referring to a category of diseases or a single exemplary disease when determining whether a veteran has exhibited the "same chronic disease" under § 3.303(b). Under Mr.

Giles's interpretation, "psychoses" refers to a single, exemplary disease and any type of psychosis, such as organic delusional syndrome or bipolar disorder, is the same disease. Under the Secretary's interpretation, "psychoses" refers to a category of diseases, and whether diseases falling within this category are the same is a factual question outside of our jurisdiction.

Mr. Giles argues that his two distinct diagnoses of organic delusional syndrome and bipolar disorder should be construed as the "same chronic disease" under § 3.303(b) because they both are encompassed within the umbrella of "psychoses." We reject Mr. Giles's view and agree with the Secretary that § 3.309(a) defines "psychoses" as a category of diseases.

First, "psychoses" is plural, which suggests that it covers multiple conditions that may vary from one another (e.g., organic delusional syndrome and bipolar disorder). A reading that treats distinct diagnoses as the same simply because they fall under "psychoses" would virtually transform the term from the plural to the singular "psychosis." This interpretation plainly disregards the distinctions between different types of "psychoses" by simply classifying them all as a "psychosis." Second, such a reading would improperly broaden the regulation by eviscerating the requirement that the disease be the "same" or "chronic" because any disease within the gamut of "psychoses," even if different or non-chronic, would be incorporated into § 3.309(a) as "psychoses."

Defining "psychoses" as a category is further supported by applying similar reasoning to another condition listed under § 3.309(a): "other organic diseases of the nervous system." This condition is similarly referred to in the plural and encompasses numerous distinct diseases, such as sensorineural hearing loss and migraines. *See, e.g., Standfield v. Wilkie*, No. 18-6408, 2020 WL 957474, at *2 (Vet. App. Feb. 28, 2020) (recognizing migraines as an organic disease

of the nervous system); *Fountain v. McDonald*, 27 Vet. App. 258, 264 (2015) (stating that the Secretary has made clear that sensorineural hearing loss is an "organic disease of the nervous system"). The position that Mr. Giles requests we take, if similarly applied to this condition, would mean that these distinct diseases (i.e., sensorineural hearing loss and migraines) are the "same" simply because they are classified as "organic diseases of the nervous system." In addition, our treatment of different diseases in this case further comports with how we have treated different diseases for the purposes of a request to reopen. *See Boggs v. Peake*, 520 F.3d 1330, 1335 (Fed. Cir. 2008) (holding that claims based on separate and distinct diagnoses be treated as separate claims even if the symptomatology was overlapping).

We hold that "psychoses" as listed in § 3.309(a) must be interpreted as a category of diseases as a legal matter, and any dispute regarding whether Mr. Giles's organic delusional syndrome is chronic or the same disease as his bipolar disorder is a factual determination that is beyond our court's jurisdiction. Thus, the Veterans Court properly determined that the Board did not commit CUE in 1987 when it found that Mr. Giles was not entitled to a presumption of service connection for his bipolar disorder dating back to his 1984 diagnosis of organic delusional syndrome through § 3.303(b).

V

For the foregoing reasons, we affirm the judgment of the United States Court of Appeals for Veterans Claims.

**AFFIRMED**